UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EMELY MALDONADO, an individual,

    Plaintiff,

vs.

CASE NO.:

RMK MERRILL STEVENS LLC, a
Florida limited liability company,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Emely Maldonado ("Plaintiff"), by and through undersigned counsel, sues Defendant, RMK MERRILL STEVENS LLC ("Defendant"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action against Defendant for unlawful interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

### JURISDICTION, PARTIES, VENUE, ETC.

2. This Court has jurisdiction over this claim arising out of the FMLA pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events or omissions giving rise to the claims alleged herein occurred within the jurisdiction of the Southern District of Florida, Miami Division and because all of

the facts and allegations that form the basis of this Complaint occurred within Miami-Dade County, Florida. 28 U.S.C. § 89.

4. Defendant is a Florida limited liability company domiciled and transacting business in Miami-Dade County, Florida. Defendant has in excess of 50 employees within 75 miles of where Plaintiff worked.

5. At all times pertinent, Plaintiff worked for Defendant in Miami Dade County, Florida.

6. Defendant is a covered entity within the meaning of 29 U.S.C. § 2611 (4).

7. Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611 (2).

8. Plaintiff has retained counsel and is obligated to pay a reasonable fee for services rendered.

## FACTS

9. Plaintiff was employed by Defendant as a full time accountant from October 2017 through September 2019 and from May 2020 through February 26, 2021.

10. During this time, Plaintiff worked for Defendant in Miami-Dade County, Florida.

11. Plaintiff's husband suffers a serious health condition under the FMLA, to wit, cancer.

12. In February 2021, Plaintiff's husband required surgery for the cancer.

13. As a result, Plaintiff requested one (1) week of leave from work and informed Defendant of the reason (i.e., to care for her husband during his recovery from surgery).

14. Defendant failed to apprise Plaintiff of her rights under the FMLA.

15. On or about February 26, 2021, Plaintiff requested an additional week of leave to care for her husband.

16. Defendant again failed to apprise Plaintiff of her rights under the FMLA.

17. Instead, Defendant terminated Plaintiff's employment.

18. All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## COUNT I
## FMLA – INTERFERENCE

19. Plaintiff re-alleges and incorporates paragraphs 1–18 above as if set forth fully herein.

20. Plaintiff engaged in a statutorily protected activity when she requested leave from work from Defendant due to her husband's serious health condition and surgery/recovery.

21. Plaintiff was entitled to take FMLA leave.

22. Defendant interfered with Plaintiff's rights under the FMLA by failing to apprise Plaintiff of her FMLA rights.

23. Defendant failed to issue Plaintiff an eligibility notice.

24. Defendant failed to issue Plaintiff a rights and responsibilities notice.

25. Had Defendant complied with its obligations under the FMLA, Plaintiff would have exercised her right to a job protected leave of absence and would have had the right to reinstatement upon the conclusion of her leave.

26. Plaintiff has suffered loss of employment, pay, and benefits as a result of Defendant's unlawful interference.

27. Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff, demands judgment for damages against Defendant, for back pay, front pay, lost past and future employment benefits, liquidated damages, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## COUNT II
## FMLA – RETALIATION

28. Plaintiff re-alleges and incorporates paragraphs 1–18 as if set forth fully herein.

29. Plaintiff engaged in a statutorily protected activity when she requested leave from work from Defendant due to her husband's serious health condition and surgery/recovery.

30. Plaintiff was retaliated against for the above statutorily protected activity.

31. Plaintiff suffered an adverse employment action when she was precluded from taking FMLA leave and terminated by Defendant following Plaintiff's statutorily protected activity.

32. Plaintiff's termination was causally related to her engagement in a statutorily protected activity.

33. Plaintiff has suffered loss of employment, pay, and benefits as a result of Defendant's unlawful interference.

34. Defendant's violations were knowing and willful.

WHEREFORE, Plaintiff, demands judgment for damages against Defendant, for back pay, front pay, lost past and future employment benefits, liquidated damages, reasonable attorneys' fees and costs, and any other relief the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

s/ Bradley P. Rothman
Bradley P. Rothman
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*